UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SCOTT BRANDSRUD,

                          Plaintiff,

v.

DAWN HESPENHEIDE (DOLAN), DONALD HEDLUND, EDWARD CHRISTIAN, HENNEPIN COUNTY COURT,

                          Defendants.

Civil No. 23-1181 (JRT/TNL)

**MEMORANDOM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

---

Scott Brandsrud, 5024 Cliff Rose Drive, Palmdale, CA 93552, *pro se* Plaintiff.

Mark V. Steffenson and Nicolas L. Hanson, **HENNINGSON & SNOXELL LTD**, 6900 Wedgwood Road, Suite 200, Maple Grove, MN 55311 and Michael P. Goodwin, **OFFICE OF THE ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1200, St. Paul, MN 55402, for Defendants.

Plaintiff Scott Brandsrud has filed numerous claims against Dawn Hespenheide (Dolan),[1] Donald Hedlund, Edward Christian, and Hennepin County Court (collectively "Defendants") relating to Meloy Lee Brandsrud's (the "Decedent") Estate. The claims against Hennepin County Court ("HCC") must fail as a result of sovereign immunity under the Eleventh Amendment. In addition, many of Mr. Brandsrud's remaining claims have already been or could have been adjudicated previously, and thus are barred under claim

---

[1] Although Dawn Dolan is her legal name, the Complaint uses her previous name Dawn Hespenheide and the Court will use that for consistency.

preclusion. Furthermore, because Mr. Christian, although not previously named, is in privity with the other parties, the claims against him are also precluded. Plus, the claims against Mr. Christian also do not meet the standard required under Federal Rule of Civil Procedure 12(b)(6). Because all of Mr. Brandsrud's claims must fail, the Court will grant Defendants' Motions to Dismiss and dismiss the Complaint in its entirety with prejudice. The Court will also place Mr. Brandsrud on the restricted filer list as Judge Paul A. Magnuson warned in his May 23, 2023 Order in a previous case.

## BACKGROUND

Plaintiff Scott Brandsrud brings yet another action relating to the probate proceedings of Meloy Lee Brandsrud's Estate ("the Estate"). (*See* Compl., Apr. 26, 2023, Docket No. 1.) The Decedent died on November 28, 2020 at Fairview Medical Center ("Fairview"). (*Id.* ¶ 35.) He was survived by three nephews, including Scott Brandsrud; Donald Hedlund, his brother-in-law; and Dawn Hespenheide, Mr. Hedlund's daughter. (Compl., Ex. D ("Probate Order") at 27, 39, Apr. 26, 2023, Docket No. 1-1.) Edward Christian acted as the Decedent's estate planning attorney for many years. (Compl. ¶ 7.)

The Decedent suffered an accident on November 19, 2020 which required hospitalization at Fairview and treatment for a head injury from which he never recovered. (Compl. ¶¶ 15–17, 34.) Per the Decedent's Health Care Declaration, Fairview consulted Mr. Hedlund as the Decedent's proxy on medical decisions. (*Id.* ¶¶ 29–30.) Because he has hearing issues, Mr. Hedlund sought the support of his daughter in fulfilling his proxy duties. (*Id.* ¶¶ ii, 21–22.) Together, Mr. Hedlund and Ms. Hespenheide met

with Fairview physicians and advised on medical decisions based on the physician's recommendations, including attaching a ventilator to the Decedent and then removing it after he acquired ventilator-associated pneumonia. (*Id.* ¶¶ 22, 29–31, 35.) Shortly after the ventilator was removed, the Decedent died. (*Id.* ¶¶ 34–35.)

The Decedent had drafted his first estate planning documents, including a Last Will and Testament, Heath Care Declaration, and Affidavit of Survivorship, after his wife died in 2012. (*Id.* ¶¶ 9, 12; Probate Order at 29.) Decedent drafted a subsequent Will in 2016.[2] (Compl. ¶ 14.) While Decedent was in the hospital, Mr. Christian made Mr. Hedlund and Ms. Hespenheide aware of the Health Care Declaration, the Will, and the payable on death accounts. (*Id.* ¶ 27.)

After the Decedent died, Ms. Hespenheide and Mr. Brandsrud filed separate petitions with HCC to act as personal representatives of the Decedent's Estate. (Probate Order at 27.) Mr. Brandsrud also challenged the validity of the Will. (*Id.*)

The probate court held a trial to settle the issues. Mr. Christian, Mr. Hedlund, Ms. Hespenheide, and Mr. Brandsrud all testified during the trial. (*See generally* Compl.; *see also* Probate Order.) Mr. Christian testified to his experience as an attorney; his preparation of the Will, including swearing in the Decedent and having two witnesses present; his meetings with Mr. Hedlund and Ms. Hespenheide; and his preparation of the

---

[2] The Complaint mentions two wills. Hereafter, the Court will only refer to the 2016 Will as "the Will" in its analysis.

Renunciation and Nomination forms. (Compl. ¶¶ 63–68; Probate Order at 29–31.) Mr. Hedlund testified to his interactions with Fairview, his intention to renounce his duty as personal representative, and his nomination of Ms. Hespenheide for personal representative. (Compl. ¶¶ 69–70; Probate Order at 31–32.) Ms. Hespenheide testified to her interactions with Fairview in aiding Mr. Hedlund in fulfilling his proxy duties and the various problems that have arisen due to a lack of personal representative for the Estate. (Compl. ¶¶ 71–72; Probate Order at 32–34.) HCC found Mr. Christian's, Mr. Hedlund's, and Ms. Hespenheide's testimonies to be credible. (Probate Order at 21–32, 34.) HCC also concluded that Mr. Hedlund's renunciation was valid and appointed Ms. Hespenheide as the personal representative. (*Id.* at 40.) Mr. Brandsrud testified that he would not be able to win in the probate matter and that he would "deal with [Ms. Hespenheide] in Federal Court." (Compl. ¶ 74; Probate Order at 34–35.) HCC found Mr. Brandsrud's testimony was not credible and that his statements made him appear as a frivolous litigant. (Probate Order at 35.) Based on all the testimony, HCC concluded that the Will was valid and ordered it to be formally probated with Ms. Hespenheide acting as personal representative. (*Id.* at 40.)

The probate proceedings have resulted in significant additional litigation. These include an attempt to appeal an HHC order that found Ms. Hespenheide had standing to petition to be the personal representative, which was denied; an action against Mr. Hedlund and Ms. Hespenheide alleging fraud in the probate proceedings, which was

-4-

dismissed on claim preclusion grounds; and a subsequent action against Defendants, which was dismissed for failure to prosecute. *Brandsrud v. Hespenheide* ("*Brandsrud I*"), No. 22-1959, 2023 WL 2025144, at *1, *4 (D. Minn. Feb. 15, 2023); *Brandsrud v. Hespenheide* ("*Brandsrud II*"), No. 23-1047, 2023 WL 3604936, at *1–2 (D. Minn. May 23, 2023). The complaint in *Brandsrud II* is identical to the Complaint here and names all the same Defendants. *See Brandsrud II*, at *1; (*see generally* Compl.) In *Brandsrud II*, the court warned Mr. Brandsrud that if he continued to try to litigate the same issues, he would be placed on the restricted filer list. *Brandsrud II*, at *1.

In the current Complaint, Mr. Brandsrud again challenges the probate proceedings predominately alleging that the Probate Order altered the testimony by Mr. Christian, Mr. Hedlund, or Ms. Hespenheide, or else failed to quote it properly. (Compl. ¶ 76.) Although not totally clear from the Complaint, it seems Mr. Brandsrud brings a claim of wrongful death against Mr. Hedlund, a claim of theft against Ms. Hespenheide, claims of abuse of process and a due process violation under 42 U.S.C. § 1983 against Mr. Christian, and a claim of fraud against HCC. (*See generally* Compl.) All Defendants have moved to dismiss. (Mot. to Dismiss by Edward Christian, Donald Hedlund, and Dawn Hespenheide, May 26, 2023, Docket No. 6; Mot. to Dismiss by Hennepin County Court, May 30, 2023, Docket No. 15.)

**DISCUSSION**

I.  **STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include "more than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. ANALYSIS

Before reaching the substance of any particular claim in the Complaint, there are two threshold issues the Court must address. These issues, sovereign immunity and claim preclusion, will require dismissal if applicable. After discussing these threshold matters, the Court will address the sufficiency of any remaining claims under Rule 12(b)(6).

### A. Sovereign Immunity

The doctrine of sovereign immunity emanates from the Eleventh Amendment and prohibits people from suing states and state officials unless the State has waived its immunity. *In re State of N.Y.*, 256 U.S. 490, 497 (1921); *Smith v. Beebe*, 123 F. App'x 261, 262 (8th Cir. 2005). The Eighth Circuit has definitively decided that state courts are part of "the State" and thus are protected by sovereign immunity. *Harris v. Mo. Court of Appeals, W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986); *Collins v. Dakota Cnty. Dist. Court*, 435 F. App'x 581, 581 (8th Cir. 2011). Hence, because HCC is a state district court, it receives sovereign immunity protection from suit.

While waiver can allow for lawsuits to proceed, Minnesota has not waived immunity in federal court. *See, e.g.*, *DeGidio v. Perpich*, 612 F. Supp. 1383, 1389 (D. Minn. 1985). The Minnesota Tort Claims Act waives immunity regarding some tort claims, but it does not provide an express waiver in federal court. *Hussein v. Minn.*, No. 19-1913, 2019 WL 5693733, at *2 (D. Minn. Nov. 4, 2019). Because HCC is protected by sovereign

immunity, which it has not waived, the Court will dismiss all claims relating to HCC with prejudice.[3]

### B. Claim Preclusion

The current action is not the first or even the second federal action filed in relation to the probate proceedings of the Estate. As such, many of the claims are barred under claim preclusion. Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The law applied to a claim preclusion analysis is that of the forum that rendered the first judgment. *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008). Thus, because HCC rendered the first judgment, Minnesota law applies. Under Minnesota law, the elements of claim preclusion are that: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." *Pope v. Fed. Home Loan Mortg. Corp.*, 561 F. App'x 569, 571 (8th Cir. 2014) (citing *Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011)). The preclusive effect impacts not only claims that were actually litigated but also those that could have been litigated. *Hauser v. Mealey*, 263 N.W.2d 803, 807 (Minn.

---

[3] Because the Court will find that HCC is protected from suit under sovereign immunity, it need not reach HCC's other arguments raised in its Motion to Dismiss: judicial immunity, issue preclusion, and *Younger* abstention.

1978). Often, a court considers whether the estopped party has a full and fair opportunity based on whether there were procedural limitations, incentives to fully litigate, or limitations based on the relationship of the parties. *Breaker v. Bemidji State Univ.*, 899 N.W.2d 515, 519 (Minn. Ct. App. 2017) (citing *State v. Joseph*, 636 N.W.2d 322, 329 (Minn. 2001)).

Here, every claim that Mr. Brandsrud alleges stems from the probate proceedings of the Estate raising no issue that was not previously available to Mr. Brandsrud, satisfying prong one. The second prong is satisfied with regard to Mr. Hedlund and Ms. Hespenheide because they were also parties in the first federal case. Third, the court already found the probate trial to be a final judgment on the merits. *Brandsrud I* at *3. Mr. Brandsrud does not dispute that conclusion here and the Court finds it to be true and accurate, satisfying prong three. And fourth, there is no indication that Mr. Brandsrud did not have a full and fair opportunity to litigate the claims as he simply restates arguments previously made and casts no doubt on the procedure or the incentives that he faced. Thus, prong four is satisfied. The only remaining question is whether Mr. Christian was in privity with the parties to the previous case such that the claims against him are also precluded.

### 1. Privity of Mr. Christian

Claim preclusion applies to the same parties and those in privity with the previously named parties. Because Mr. Christian was not named in any previous action that was decided on the merits, claims against him would only be barred under claim

preclusion if he is in privity with Mr. Hedlund or Ms. Hespenheide.[4] There is no per se privity definition applicable to all cases. *Margo-Kraft Distrib., Inc. v. Minneapolis Gas Co.*, 200 N.W.2d 45, 47–48 (Minn. 1972). Instead, it requires a factual analysis of the circumstances. *Id.* Privity has been described as including a person "so identified in interest with another that he represents the same legal right." *McMenomy v. Ryden*, 148 N.W.2d 804, 807 (Minn. 1967). Non-exhaustive categories of privity examples include people who control an action but are not named as parties, those who have an interest in the action but are adequately represented by a party, and the successors in interest of people with derivative claims. *Rucker*, 794 N.W.2d at 118 (citation omitted).

The facts of this case indicate that Mr. Christian is in privity with Mr. Hedlund and Ms. Hespenheide because his interests were represented by Ms. Hespenheide in the probate proceedings. Mr. Brandsrud lodges many allegations at Mr. Christian, but none are distinct from the interests Ms. Hespenheide represented in the probate proceedings. Two issues discussed in detail were whether any conduct resulted in the wrongful death of the Decedent and whether the Will was valid. The probate court found that there was no wrongful conduct that resulted in the death of the Decedent and that the Will was valid. This conclusion was reached with the help of Mr. Christian's testimony. Ms. Hespenheide also shared an interest in that outcome because her involvement was

---

[4] Mr. Christian was named in the previous federal action, but that case was dismissed without prejudice for failure to prosecute and thus does not have a preclusive effect.

questioned throughout the proceedings. Because his interests were adequately protected, the Court will find Mr. Christian in privity with Mr. Hedlund and Ms. Hespenheide such that the claims against Mr. Christian will be precluded.

### C. Rule 12(b)(6)

Even if the claims against Mr. Christian are not barred by claim preclusion, they also fail because they do not state a claim upon which relief can be granted. The only causes of action in the Complaint that name Mr. Christian are an abuse of process and a due process violation under 42 U.S.C. § 1983.

#### 1. Abuse of Process

Mr. Brandsrud alleges that Mr. Christian engaged in wrongful conduct in an attempt to convey the payable on death accounts to Ms. Hespenheide. Under Minnesota law, abuse of process requires two elements: "(a) the existence of an ulterior purpose, and (b) the act of using the process to accomplish a result not within the scope of the proceedings in which it was issued, whether such result might otherwise be lawfully obtained or not." *Duerscherl v. Foley,* 681 F. Supp. 1364, 1369 (D. Minn. 1987); *see Malcolm v. NPD, Inc.*, No. 05-960, 2007 WL 1847200, at *6 (D. Minn. June 21, 2007) (citing Minnesota case law concerning the proper standard). Mr. Brandsrud correctly identifies the standard for an abuse of process claim; however, he does nothing more than restate factual information about the proceedings without providing specific allegations of abuse of process.

More specifically, Mr. Brandsrud makes conclusory allegations about Mr. Christian's alleged ulterior motive, suggesting it was to "obtain the payable on death accounts for [Ms. Hespenheide]." (Compl. ¶ 130.) Further, Mr. Brandsrud claims that Mr. Christian used his knowledge of the probate proceedings to wrongfully induce HCC to appoint Ms. Hespenheide as personal representative. Even if everything is taken as true and viewed in the light most favorable to Mr. Brandsrud, he did not plead sufficient facts to sustain an abuse of process claim. At best, he alleged that Mr. Christian acted within the bounds of his duties as an attorney, and the probate court found that information useful. As such, the Court will find that Mr. Brandsrud's abuse of process claim fails to state a claim upon which relief can be granted.

**2. 42 U.S.C. § 1983**

The 42. U.S.C. § 1983 claim also fails under Rule 12(b)(6) because Mr. Brandsrud has not shown that Mr. Christian is a state actor or state agent. 42. U.S.C. § 1983 provides remedies for constitutional violations "under color of any statute, ordinance, regulation, custom, or usage, of any State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) (citation omitted). 42. U.S.C. § 1983 imparts liability only on state actors. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (citation omitted). Private parties have been found liable as state actors when they have been found to act jointly or in conspiracy with state authorities. *Id.* at 651.

Mr. Christian is a private citizen and was a private citizen throughout his interactions with the Defendants and the Decedent. While Mr. Brandsrud claims that Mr.

Christian "caused [HCC] to subject [Mr. Brandsrud] to deprivation of his payable on death accounts without due process of the Uniform Probate Code," there is no evidence of a due process violation. (Compl. at 41.) Nor is there evidence that Mr. Christian acted in concert with the state. Instead, Mr. Brandsrud merely asserts that Mr. Christian's allegedly deceitful testimony motivated HCC to reach its outcome. Even if HCC made its decision based on Mr. Christian's testimony, this accusation is insufficient to confer state action on Mr. Christian. Because Mr. Christian is not a state actor or a state agent, § 1983 does not apply. As such, the Court will dismiss the § 1983 claim against Mr. Christian.

### III. RESTRICTED FILER LIST

In his May 23, 2023 Order, Judge Magnuson warned Mr. Brandsrud about being placed on the restricted filer list. *Brandsrud II*, at *1. Courts have authority to control matters pending before them and while there is a right to access the courts, that does not extend to frivolous actions or those with malicious intentions. *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (citation omitted). To protect defendants from this type of litigation, courts may reasonably restrict a litigant's ability to file future suits relating to the same conduct. *Id.* at 1293 (citing *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981)). In his previous order, Judge Magnuson indicated that Mr. Brandsrud should be placed on the restricted filer list but cited the District of Minnesota's policy to warn an individual before placing him on this list. *See Brandsrud II*, at *1. Because Mr. Brandsrud was warned of this possibility and he still filed a Complaint that is identical to a prior action, the Court

will place Mr. Brandsrud on the restricted filer list, which will require him to seek court permission to file any additional lawsuits relating to the probate proceedings.

## CONCLUSION

Mr. Brandsrud brings this repetitive action regarding certain probate proceedings against four defendants: Mr. Hedlund, Ms. Hespenheide, Mr. Christian, and HCC. HCC is protected by Eleventh Amendment sovereign immunity. Claims against Mr. Hedlund and Ms. Hespenheide are barred by claim preclusion. Mr. Christian is in privity with the previously named parties so claims against him are barred as well. Even without the protection of claim preclusion, the claims against Mr. Christian fail to state a claim upon which relief can be granted. Because none of the claims Mr. Brandsrud alleges in his Complaint can survive a motion to dismiss, the Court will grant the Defendants' Motions to Dismiss and dismiss the Complaint with prejudice. As Mr. Brandsrud has been warned by the court previously, he will be placed on the restricted filer list requiring court approval to file any additional claims relating to the probate proceedings.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendants Hedlund, Hespenheide, and Christian's Motion to Dismiss [Docket No. 6] is **GRANTED**.

2. Defendant Hennepin County Court's Motion to Dismiss [Docket No. 15] is **GRANTED**.

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED with prejudice**.

4. Plaintiff is placed on the restricted filer list.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 7, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge